**FILED**

JAN 1 3 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 1 0 2006

CLERK, U.S. DISTRICT COURT
By _____
                  Deputy

| | |
|---|---|
| GUADALUPE PADILLA, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | §    2:06-CV-0004 |
| | § |
| DOUGLAS DRETKE, Director, | § |
| Texas Department of Criminal Justice, | § |
| Correctional Institutions Division, | § |
| | § |
| Respondent. | § |

A06CA033 LY

Certified a true copy of an Instrument
on file in my office on  1-10-06
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

### ORDER TO TRANSFER CASE TO
### UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

On January 6, 2006, petitioner GUADALUPE PADILLA filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. In his application, petitioner indicates he is challenging his January 31, 2002 conviction, and the resultant 37-year sentence, for the felony offenses of indecency with a child and aggravated sexual assault of a child out of the 167th Judicial District Court of Travis County, Texas.

As the State of Texas contains two or more federal judicial districts, a petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court must be filed in the district court for the district wherein such person is in custody *or* the district court for the district within which the state court was held which convicted and sentenced him. 28 U.S.C. § 2241(d). At the time of the filing of this application, petitioner was in custody at the Dalhart Unit in Hartley County, Texas. Hartley County lies within the Amarillo Division of the Northern District of Texas. 28 U.S.C. § 124(a)(5). It appears petitioner was convicted and sentenced by the 167th

Judicial District Court in Travis County, Texas. Travis County lies within the Austin Division of the Western District of Texas. 28 U.S.C. § 124(d)(1). Consequently, jurisdiction to adjudicate this case is in both the Northern District of Texas and the Western District of Texas, and the Amarillo Division and the Austin Division have concurrent venue to entertain this application.

By his application, petitioner does not appear to be challenging the constitutionality of his confinement as it relates to any violations which may have occurred within the Amarillo Division. Instead, petitioner appears to be attacking the constitutionality of the Travis County conviction and sentence for which he is confined. Consequently, a transfer to the Austin Division court is the more appropriate method of handling the claims presented in this case.

IT IS THEREFORE ORDERED that this case be transferred to the United States District Court for the Western District of Texas, Austin Division, at Austin, Texas. *See* Misc. Order No. 6, September 22, 1997.

IT IS SO ORDERED.

ENTERED this _10th_ day of January 2006.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## Notice of Document/Attachment(s) Not Imaged and Contained in Expandable Folder

## See Expandable File(s) to View/Copy Document/Attachment(s)

Civil Case No.     A-06-CA-033 LY

Guadalupe Padilla

VS.

Douglas Dretke

Attachments to
Document #:     1

Description:     Order to Transfer Case

File Date:     1/13/06

Prepared by:     af

**This sheet to be imaged as the last page.**