IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 MAY 15 PM 3:34
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| GUADALUPE PADILLA, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. A-06-CA-033-LY |
| § | |
| DOUG DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

## RESPONDENT'S ANSWER WITH BRIEF IN SUPPORT

Petitioner Guadalupe Padilla ("Padilla") was convicted and sentenced to thirty-seven years imprisonment by a Texas state court for aggravated sexual assault of a child and fifteen years imprisonment by a Texas state court for indecency with a child. He now seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over this action. The petition should be dismissed because the claims presented are without merit. Respondent Doug Dretke ("the Director") also denies all of Padilla's assertions of fact except those supported by the record or specifically admitted herein.

## STATEMENT OF THE CASE

The Director has lawful custody of Padilla pursuant to a judgment and sentence of the 167th District Court of Travis County, Texas, in cause number 95288882. Padilla was charged in this cause with aggravated sexual assault of a child and indecency with a child with a prior felony conviction alleged for enhancement of punishment. On January 31, 2002, the jury found Padilla guilty of both offenses. Thereafter, the jury assessed punishment at thirty-seven years imprisonment on the aggravated sexual assault charge and fifteen years imprisonment on the indecency charge.

Padilla's convictions were affirmed by the Third Court of Appeals of Texas on June 19, 2003. *Padilla v. State*, No. 03-02-00345-CR, slip op., 2003 WL 21401256 (Tex.App.–Austin 2003). The Texas Court of Criminal Appeals refused Padilla's petition for discretionary review on February

11, 2004. *Padilla v. State*, P.D.R. No. 1155-03. The Supreme Court denied certiorari review on October 4, 2004. *Padilla v. Texas*, 543 U.S. 833 (2004). Padilla has filed two applications for state writ of habeas corpus challenging this conviction. The first application was denied by the Texas Court of Criminal Appeals on August 17, 2005. *Ex parte Padilla*, Application No. 61,391-02. The second application was filed on July 7, 2005, and was denied by the Texas Court of Criminal Appeals on March 29, 2006. *Ex parte Padilla*, Application No. 61,391-03.

Records of Padilla's trial, appeal, and first state habeas proceedings have been forwarded to the Court.

## STATEMENT OF FACTS

The court of appeals summarized the facts and procedural history as follows:

> In October 1994, appellant was on parole from a prison sentence for burglary and living in Austin with Gina Gomez and her eleven-year-old daughter. On the night of October 22, while Gomez was at work, appellant sexually assaulted the girl. When Gomez got home, the girl told her what had happened. Gomez confronted appellant and told him she was going to call the police. Appellant left the house that night never to return. Based on Gomez's complaint, a municipal court warrant for appellant's arrest was issued on November 4, 1994. The municipal court warrant was superseded by a district court capias issued after a grand jury indicted appellant for aggravated sexual assault on June 6, 1995.
>
> On December 9, 1994, appellant was arrested in San Antonio for parole violations. Documents in the record show that appellant was accused of violating the conditions of his parole by failing to report a change of address and by committing the aggravated sexual assault at issue. Apparently, no one in Austin was notified of the arrest. Appellant's parole was revoked in February 1995 after he waived a hearing, and he was returned to prison. Between February 1995 and May 2000, appellant was released on parole three more times. On one occasion, appellant was paroled to a residential facility for sex offenders because of the pending sexual assault charge. Following each release, appellant committed new parole violations resulting in his arrest and reincarceration. Although both the parole board and the institutional division were aware of the pending sexual assault charge, police and prosecutors in Austin were never informed that appellant was in custody. For their part, prosecutors appear to have been unaware of appellant's whereabouts and never placed a detainer on appellant while he was in prison. Finally, on May 3, 2000, while appellant was in custody in San Antonio on a parole violation warrant, the 1995 capias was executed and he was returned to Austin.

2

An attorney was appointed to represent appellant on May 5, 2000. Appellant was released on bond in November 2000. At a time not clear from the record, appellant was deemed not to be indigent and the appointed attorney ceased to represent him. Appellant never hired counsel. Appellant was rearrested in May 2001 after his bond was increased, and a new attorney was appointed to represent him. On November 16, 2002, appellant's new counsel filed a motion to dismiss for want of a speedy trial. By that time, there had been approximately twenty-five agreed resettings of appellant's court case. The dismissal motion was overruled on January 25, 2002, following a hearing. Appellant's trial began three days later.

*Padilla v. State*, No. 03-02-00345-CR, slip op. at 1-3.

## PETITIONER'S ALLEGATIONS

The Director understands Padilla to allege that:

(1) He was arrested without probable cause (claims one and two).

(2) The indictment is defective and violates double jeopardy (claims three, four, and seven).

(3) He was denied a speedy trial (claims five and eight).

(4) Defects in the record (claim six).

(5) Improperly granted sentence credits (claim nine).

(6) Ineffective assistance of counsel (claims ten and twenty-one).

(7) Abuse of office by the trial court, assistant district attorneys, and district clerk (claim eleven).

(8) Conspiracy to cause Padilla's arrest and conviction (claim twelve).

(9) Defects in state habeas proceedings (claims thirteen, fourteen, fifteen, twenty-three, and twenty-four).

(10) Motion in limine improperly granted (claim sixteen).

(11) Hearsay (business records) was improperly admitted (claim seventeen).

(12) Hearsay (an outcry statement) was improperly admitted (claim eighteen).

(13) Deprived of the right of confrontation through the preservation of physical evidence (claim nineteen).

(14) Improper jury charge (claim twenty).

(15) First Amendment violation (claim twenty-two).

## ANSWER

Padilla's petition is governed by the standard of review provided by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C.A. § 2254 (2003). The AEDPA applies to the petition because it was filed after the date of the AEDPA's passage. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA only applies to those non-capital habeas corpus cases filed after its effective date of April 24, 1996). Under the AEDPA, "[t]his Court may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the claim by the state court '(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.'" *Riddle v. Cockrell*, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2) (West 2002)).

The Supreme Court has explained that a state court decision is "contrary" to established federal law if the state court "applies a rule that contradicts the governing law set forth in [the Court's] cases," or confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent, yet reaches an opposite result. *(Terry) Williams v. Taylor*, 529 U.S. 362, 405-06 (2000) (*"Williams I"*); *Hernandez v. Johnson*, 248 F.3d 344, 346 (5th Cir. 2001). Alternatively, a state court "unreasonably applies" clearly established federal law if it correctly identifies the governing precedent but unreasonably applies it to the facts of a particular case. *Williams I*, 529 U.S. at 407-09; *Hernandez*, 248 F.3d at 346.

A federal habeas court's inquiry into unreasonableness should be objective rather than subjective, and a court should not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law

4

erroneously or incorrectly. *Williams I,* 529 U.S. at 409-11; *Tucker v. Johnson,* 242 F.3d 617, 620 (5th Cir. 2001). Rather, federal habeas relief is only merited where the state court decision is both incorrect *and* objectively unreasonable. *Williams I,* 529 U.S. at 411; *Martin v. Cain,* 246 F.3d 471, 476 (5th Cir. 2001). In other words, habeas relief is inappropriate when a state court, at a minimum, reaches a "satisfactory conclusion." *Williams I,* 529 U.S. at 410-11 (citing *Wright v. West,* 505 U.S. 277, 287 (1992)).

Further, it is the state court's "ultimate decision" that is to be tested for unreasonableness, "not every jot of its reasoning." *Santellan v. Cockrell,* 271 F.3d 190, 193 (5th Cir. 2001); *see Neal v. Puckett,* 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*) (holding that a federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence"). Indeed, the AEDPA deferential standard of review applies even where the state court fails to cite to applicable Supreme Court precedent or fails to explain its decision. *Early v. Packer,* 123 S. Ct. 362, 365 (2002); *Catalan v. Cockrell,* 315 F.3d 491, 493 (5th Cir. 2002); *Schaetzle v. Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003).

**Padilla cannot litigate a Fourth Amendment claim.**

Padilla complains that he was subjected to an illegal arrest. The Supreme Court has long held that federal courts have no authority to review a state court's application of Fourth Amendment principles in habeas corpus proceedings unless the petitioner was denied a full and fair *opportunity* to litigate his claims in state court. *Stone v. Powell,* 428 U.S. 465, 494 (1976). Here, Padilla had an *opportunity* to litigate the validity of his arrest at trial, on appeal, and during state habeas proceedings. That he bypassed the opportunity to raise the claim at trial and on appeal and was not successful in his pursuit of the claim where he actually raised the claim (state habeas review) does not now entitle him to pursue the claim in this forum.

Finally, to the extent that Padilla claims a violation of the Texas Constitution, he does not state a basis for relief in this forum. *See Cook v. Morrill,* 783 F.2d 593, 596 (5th Cir. 1986) (federal

habeas courts "do not sit as a 'super' state supreme court in a habeas corpus proceeding to review errors under state law") (citations omitted).

**Padilla cannot challenge the validity of the indictment.**

Padilla complains that the indictment is defective. "[T]he sufficiency of a state indictment is not a matter for federal habeas corpus review unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985). However, since the 1985 amendments to state law, the "presentment of an indictment or information to a court invests the court with jurisdiction of the cause." *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir. 1994). Thus, even if the indictment was defective, which the Director does not admit, it conferred jurisdiction on the trial court and this claim does not entitle Padilla to federal habeas corpus relief.

Padilla appears to complain the indictment against him was dismissed on October 1995 but apparently reinstated resulting in his rearrest. Padilla argues this violates double jeopardy provisions. However, Padilla offers no evidence to support his underlying proposition that the indictment was ever dismissed. Consequently, this claim must fail as a conclusory allegation. *See, e.g., Ross v. Estelle*, 694 F.2d 1008, 1011 & n.2 (5th Cir. 1983) (neither state nor federal district court was required to hold an evidentiary hearing where sole support for petitioner's claim was his own self-serving allegation; "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

Further, Padilla has not demonstrated a double jeopardy violation. It is well-settled that

> the double jeopardy clause serves three interests, protecting against: (1) prosecution of the same offense after acquittal; (2) prosecution of the same offense after conviction; and (3) multiple punishments for the same offense.

*United States v. Berry*, 977 F.2d 915, 918 (5th Cir. 1992). None of these protections apply even accepting Padilla's assertions, which the Director does not concede. Moreover, Padilla has not

6

shown that jeopardy had attached prior to the instant trial. *See, e.g., United States v. Juarez-Fierro*, 935 F.2d 672, 675 (5th Cir. 1991) (jeopardy does not attach until a jury is jury is empaneled and sworn; "a jury is not 'empaneled' until all parties have exercised their strikes, and twelve jurors are selected to hear the case").

Padilla appears to allege that the indictment may not have been valid until June 2000 and therefore his indecency with a child charge was barred by a five-year statute of limitations. However, the presumptively correct state court records show that the indictment was returned against Padilla on June 6, 1995. *See* Clerk's Record ("CR") at 4. Therefore, this claim must fail for want of a factual basis. Further, contrary to Padilla's assertions, the charge of indecency with a child is governed by a ten-year statute of limitations, not a five-year limitations. *See* TEX. CODE CRIM. PROC. ANN. Art. 12.01 (2)(D) (1994).

**Padilla was not deprived a speedy trial.**

Padilla contends that he was denied a speedy trial. On appeal, the court of appeals found that Padilla's right to a speedy trial was not violated:

> The right to a speedy trial is constitutionally guaranteed. U.S. Const. amend. VI; Tex. Const. art. I, § 10. In determining whether an accused has been denied his constitutional right to a speedy trial, a court must consider the conduct of both the prosecution and the defendant in light of four factors: the length of the delay, the reason for the delay, the defendant's assertion of his speedy trial right, and the prejudice to the defendant resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972). In reviewing the district court's ruling, we view the evidence in the light most favorable to the ruling but make our own de novo determination of the legal significance of the facts. *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002)
>
> *Length of delay.* The parties agree that the delay in this cause should be measured from June 1995, when appellant was indicted for aggravated sexual assault. *See United States v. Marion*, 404 U.S. 307, 313, 92 S. Ct. 455, 30 L.Ed.2d 468 (1971) (delay measured from date of arrest or formal accusation). Approximately five years passed between the return of the indictment and appellant's arrest on the capias in May 2000, and there was a six-and-one-half-year delay between indictment and trial. Appellant does not complain of the delay between his arrest and trial, but relies only on the five-year gap between indictment and arrest. This delay was far more than the minimum necessary to trigger judicial examination of the speedy trial

7

claim. This factor weighs heavily against the State. *Zamorano,* 84 S.W.3d at 649.

*Reasons for delay.* Different weights are applied to different reasons for delay. *Barker,* 407 U.S. at 531. A deliberate attempt by the prosecution to delay trial in order to hinder the defense should weigh heavily against the State. *Id.* A valid reason for delay, such as a missing witness, weighs against the finding of a violation. *Id.* Official negligence occupies a middle ground; it should be weighted less heavily against the State than deliberate delay, but nevertheless should be considered because the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. *Id.*

There is no evidence that the State deliberately sought to delay appellant's trial. On the other hand, there is no evidence of a valid reason for the five-year delay between appellant's indictment and his arrest on the capias. The delay appears to have been the result of official negligence. For some reason, the capias was not entered into, or was deleted from, the computerized system by which law enforcement authorities track outstanding warrants. At the same time, the parole board and institutional division employees who were aware of the outstanding Travis County sexual assault charge did not contact prosecutors to advise them that appellant was in custody. This noncommunication between the various agencies weighs against the State, but not heavily.

*Assertion of right.* A defendant's failure to assert his speedy trial right does not constitute a waiver, but it makes it difficult for him to prove that the right was denied. *Id.* at 532. A defendant who fails to timely assert the right "indicates strongly that he did not really want a speedy trial." *Harris v. State,* 827 S.W.2d 949, 957 (Tex. Crim. App.1992). "The longer delay becomes, the more likely a defendant who wished a speedy trial would be to take some action to obtain it. Thus inaction weighs more heavily against a violation the longer the delay becomes." George E. Dix & Robert O. Dawson, *Texas Practice: Texas Criminal Practice and Procedure* § 23.40 (2d ed.2001).

Appellant made no effort to obtain a trial of the pending Travis County sexual assault charge during the five years he bounced between parole and incarceration prior to his arrest on the capias in May 2000. Appellant seeks to justify that inaction by claiming that he was not aware of "the formal charges" (by which we assume he means the indictment), and he points to the fact that he twice asked prison authorities if a detainer was pending against him and was told no. This argument is disingenuous in that it ignores the undisputed fact that appellant, as early as his arrest in Bexar County in December 1994, knew that he had been charged with aggravated sexual assault in Travis County. Almost certainly, it was his knowledge of the pending charge that prompted him to inquire repeatedly into the existence of a detainer. Appellant testified that by 1997, he assumed that the charge had been "dropped."

8

> There is, however, no evidence that appellant, either personally or through a parole officer, ever sought to determine the status of the charge or to seek its prompt disposition, by trial or otherwise. The facts before us support the conclusion that appellant quietly acquiesced in the five-year period of inaction. This weighs heavily against a finding of a speedy trial violation.
>
> *Prejudice.* The speedy trial right is designed to prevent oppressive pretrial incarceration, to minimize the accused's anxiety and concern, and to limit the possibility that the accused's defense will be impaired. *Barker,* 407 U.S. at 532. Although appellant asserted in the district court that his defense had been impaired by the delay, he does not make that argument on appeal. Instead, he claims that he was subjected to more burdensome conditions of confinement on the unrelated burglary conviction as a result of the pending aggravated sexual assault charge. He points to evidence that he was paroled to a residential facility for sex offenders, and to the additional conditions of parole that were attached to that status. He also draws attention to his testimony that, because he was an accused child sexual offender, he was beaten by other inmates and asked by prison authorities to sign a waiver of responsibility for his physical safety. These claims of oppression, anxiety, and concern arising from the pending sexual assault charge are belied, however, by appellant's failure to seek a trial or other disposition of the charge. On balance, we find no showing of significant prejudice to appellant arising from the five-year delay of which he complains. This weighs against a finding of a constitutional violation.
>
> *Balance.* The five-year delay between appellant's indictment and arrest weighs heavily in appellant's favor. Also weighing in his favor, but not so heavily, is the fact that this delay was occasioned by the State's negligence. On the other hand, appellant's acquiescence in the delay weighs heavily against a finding of a speedy trial violation. The absence of prejudice arising from the delay also weighs against appellant's speedy trial claim. On balance, we conclude that a violation of appellant's constitutional right to a speedy trial was not shown and that the district court did not err by overruling the motion to dismiss. Point of error one is overruled.

*Padilla v. State,* No. 03-02-00345-CR, slip op. at 3-6. Padilla has not shown that the court of appeals's decision was objectively unreasonable. The court identified and applied the relevant Supreme Court authority at length and in detail and its result was, at a minimum, a "satisfactory conclusion." Again, to the extent that Padilla claims a violation of the Texas Constitution, he does not state a basis for relief in this forum. *See Cook v. Morrill, supra.*

9

**Padilla's record defects claim is conclusory.**

Padilla complains that a defect exists in the record. Padilla does not identify the defect nor has he shown that the defect is material to his conviction such that there is a reasonable probability of a different result at trial. This claim is conclusory. *Ross v. Estelle, supra.*

**Padilla's conspiracy claims are conclusory.**

Padilla complains that because the trial court gave him sentence credits dating from as far back as December 1994, *see* CR 153, then a conspiracy exists to deprive him of his right to a speedy trial. Padilla has not, however, shown that the granting of the pre-trial sentence credits has anything at all to do with his speedy trial claim, much less has he shown some sort of conspiracy to deprive him of any constitutional right. This claim is conclusory. *Ross v. Estelle, supra.* Further, as discussed above, Padilla's speedy trial claims is without merit.

Padilla complains that a conspiracy exists to cause his arrest and conviction. Again, this claim is not supported by competent evidence and argument and is, therefore, conclusory. *Ross v. Estelle, supra.* To the extent that Padilla claims a violation of the Texas Constitution, he does not state a basis for relief in this forum. *See Cook v. Morrill, supra.*

**Padilla's counsel claims are conclusory.**

The familiar two-prong standard by which a claim of ineffective assistance of counsel is weighed is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to establish that counsel's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, at 687-88. In so doing, a convicted defendant must overcome a strong presumption that the conduct of his trial counsel fell within a wide range of reasonable professional assistance, and every effort must be made to eliminate the "distorting effect of hindsight." *Strickland*, 466 U.S. at 689.

Next, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Strickland*, 466 U.S. at 692. In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694. A mere allegation of prejudice is not sufficient to satisfy the prejudice prong of *Strickland*; rather, the petitioner must "affirmatively prove" prejudice. *Id.* at 693.

Further, because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *Strickland,* 466 U.S. at 697.

Finally, under the AEDPA standard of review, the petitioner must demonstrate that the "state court's decision--that [the petitioner] did *not* make the [two-prong] *Strickland*-showing--was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claim." *Schaetzle,* 343 F.3d at 443-44; *see also id.,* at 445, 448 ("For the IAC claim, in state habeas court, both *Strickland* prongs had to be satisfied: deficient performance and prejudice.").

Here, Padilla complains that his various counsel (Slavik, Sauer and Hohengarten) rendered ineffective assistance. Padilla does not further articulate in what manner his counsel rendered ineffective assistance of counsel nor has he shown in what manner a different result would have occurred at trial. Thus, he has not pleaded a valid claim, mush less proven a valid claim. This claim is conclusory.

Padilla complains that two counsel (Sauer and Hohengarten) were appointed against his wishes. However, Padilla was not entitled to appointed counsel of his own choosing. *See Green v. Johnson,* 160 F.3d 1029, 1045 (5th Cir. 1998) ("Green does not enjoy a constitutional right to the counsel of his choice.").

Padilla appears to allege that he was without counsel prior to his arrest in May 2000. However, Padilla offers no evidence that he ever invoked any Sixth Amendment right to counsel regarding the instant charges prior to his arrest in May 2000.

11

To the extent that Padilla may allege that he was without counsel for a brief period of time after he posted bond in November 2000, Padilla has not shown that the court of appeals's rejection of this claim was objectively unreasonable. The court of appeals found that there was no evidence that Padilla was denied appointed counsel during the relevant brief time period solely due to his ability to post bond. *Padilla v. State*, No. 03-02-00345-CR, slip op. at 7. Padilla has not shown that this decision was objectively unreasonable.

To the extent that Padilla may claim that counsel may have failed to properly litigate the other claims raised in the instant petition, Padilla has not shown that he is entitled to relief on those claims. Moreover, those claims were rejected by the Texas Court of Criminal Appeals as separate substantive claims. Consequently, neither deficient performance nor prejudice has been shown. *See Vega v. Johnson*, 149 F.3d 354, 362 (5th Cir. 1998) (". . . . given the Court of Criminal Appeals' finding that the estoppel issue was without merit, Vega's counsel could hardly have committed an egregious error in failing to make the argument before the trial court."); *Cantu v. Collins*, 967 F.2d 1006, 1017 (5th Cir. 1992) (holding that where issues petitioner faults appellate counsel for failing to raise on direct appeal were rejected by state and federal habeas courts, claim of appellate attorney error was "frivolous"); *Schaetzle*, 343 F.3d at 448-49.

**Padilla's abuse of office claim is conclusory.**

Padilla asserts that the trial court, assistant district attorneys, and district clerk abused their offices. Padilla does not assert a factual or legal basis for this complaint. Consequently, this claim is conclusory. *Ross v. Estelle, supra.* Further, this claim appears simply to be part of Padilla's speedy trial claim which has been addressed above.

**Defects in state habeas proceeding do not state a basis for relief.**

Padilla complains that various defects occurred during state habeas proceedings. This claim does not state a basis for relief in this forum. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that it is well-settled that "infirmities in state habeas proceedings do not constitute grounds for relief in federal court.") (citations omitted).

**Padilla has not shown that the motion in limine was improperly granted.**

Padilla argues that a motion in limine brought by the State was improperly granted because some of the items covered by the motion were alluded to at trial. However, state evidentiary rulings, even if erroneous, are matters for federal habeas corpus review only if they are of such magnitude as to constitute a denial of fundamental fairness under the Due Process Clause. *Jernigan v. Collins*, 980 F.2d 292, 298 (5th Cir. 1992); *Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir. 1988). The challenged evidence must be "a crucial, critical, or highly significant factor" in the context of the entire trial. *Jernigan*, 980 F.2d at 298; *Bridge*, 838 F.2d at 772. The test applied to determine whether trial error makes a trial fundamentally unfair is whether there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988).

Here, Padilla has not shown that the granting of the motion in limine precluded the admission of evidence that was of such a nature as to render his trial fundamentally unfair or that a reasonable probability of a different result exists with the evidence. Indeed, Padilla does not cite to any portion of the record where an attempt was made to offer evidence covered by the motion in limine and such evidence was excluded. The state habeas courts' rejection of this conclusory complaint was not objectively unreasonable.

**State law claims do not state a basis for relief.**

Padilla claims that hearsay evidence (business records) was improperly admitted at trial. Padilla asserts a violation of state law but not of the Federal Constitution. The claim was similarly raised as a state law claim on state habeas review. *See Ex parte Padilla*, Application No. 61,391-02 at 126-129; *Ex parte Padilla*, Application No. 61,391-03 at 43-46. As to any state law claim, such does not state a basis for relief in this forum. *Cook v. Morrill, supra.*

As to any federal constitutional claim, which is all that is cognizable in this forum, such a complaint is unexhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process

13

of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); *Wilder v. Cockrell*, 274 F.3d 255 (5th Cir. 2001). Because Padilla would be cited for abuse of the writ if he were to attempt to present this claim as a federal constitutional complaint in another application for state writ of habeas corpus, any constitutional claim is procedurally barred from review in this forum. *See* TEX. CODE CRIM. PROC. Art. 11.07 § 4 (Vernon's 2002); *Ex parte Barber*, 879 S.W.2d 889 (Tex.Crim.App. 1994); *Barrientes v. Johnson*, 221 F.3d 741, 761-62 (5th Cir. 2000); *Horsley v. Johnson*, 197 F.3d 134 (5th Cir. 1999); *Little v. Johnson*, 162 F.3d 855, 859 (5th Cir. 1998).

Finally, the certified business records at issue were admitted without objection. Vol. 7 Reporter's Record ("RR") at 121. Padilla has not shown that the State would have been unable to prove up these records had an objection been made.

**The outcry statement was properly admitted.**

Padilla complains that a statement made by the complainant to her mother and a social worker regarding the assault were improper outcry statements under state procedural rules. Padilla asserted a constitutional basis for this complaint on state habeas review (due process). *See Ex parte Padilla*, Application No. 61,391-02 at 131-5; *Ex parte Padilla*, Application No. 61,391-03 at 47-51. However, the admission of "outcry statements" are not constitutionally impermissible when, as here, the child testifies at trial and is available to be cross-examined regarding the statements. *See, e.g., Story v. Collins*, 920 F.2d 1247, 1255 (5th Cir. 1991) (confrontation clause not violated by admission of child victim's statements to police where child testified at trial and was available for cross-examination).

**The physical evidence was preserved.**

Padilla complains that physical evidence was not properly preserved, depriving him of the right of confrontation. "[U]nless a criminal defendant can show bad faith on the part of the police, [the] failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988). "Bad faith" hinges on police knowledge

14

of the exculpatory value of the evidence; thus, the exculpatory value of the evidence must be "apparent" before the evidence was lost or destroyed. *Id.*; *California v. Trombetta*, 467 U.S. 479, 489 (1984). Further, while there is an obligation to preserve evidence once it has been created, there is no general duty to create evidence in the first place. *United States v. Arteaga*, 807 F.2d 424, 426 (5th Cir. 1986).

Here, the record reflects that the complainant's panties, t-shirt, and shorts were preserved for testing. 7 RR 101-03. In addition, the bed linens where the alleged assault occurred were preserved for testing. 7 RR 102. Also preserved for testing was a "rape kit." 7 RR 103-04. The only piece of this evidence on which semen was detected was the sheet, though none of the complainant's cells were matched to the non-sperm cells of that sample. 7 RR 160-67. Padilla's assertion that any exculpatory evidence was destroyed by the police is simply conclusory in light of this record and, in any event, any assertion of bad faith is untenable. The state habeas courts rejection of this claim was not objectively unreasonable.

As to any state law claim, including a chain of evidence claim, such does not state a basis for relief in this forum. *Cook v. Morrill, supra*. Further, any chain of evidence deficiency simply goes to the weight of the evidence not its admissibility under state law. *See, e.g., Gallegos v. State*, 776 S.W.2d 312, 315-16 (Tex.App.–Houston [1st Dist.] 1989) ("Where the State shows the beginning and the end of the chain of custody, any gaps in between go to weight rather than admissibility"). Regardless, as discussed above, the physical evidence admitted at trial was not necessarily inculpatory, thus, Padilla cannot show harm by its admission. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (trial error must be of constitutional magnitude and have a "substantial and injurious effect or influence in determining the jury's verdict") (citation omitted).

**The jury charge was not defective.**

Padilla argues that the jury charge was defective. First, Padilla argues that because the trial court dismissed count one, paragraph two of the indictment at the close of the State's case at the agreement of the parties, 7 RR 186-89, then count one, paragraph one of the indictment should also

15

have been dismissed. However, count one, paragraph two charged penetration of the complainant's sexual organ by Padilla's finger, while count one, paragraph one charged penetration of the complainant's sexual organ by Padilla's sexual organ. CR 4. Merely because the trial court may have found that the evidence insufficient regarding Padilla's use of his finger does not necessarily render the evidence insufficient regarding Padilla's use of his sexual organ. Further, and regardless, Padilla was also charged with committed aggravated sexual assault by *contacting* (as opposed to penetrating) the complainant's sexual organ in count one, paragraph three, CR 4-5, and Padilla does not challenge the jury charge in relation to that charge. Consequently, error, if any, was harmless under *Brecht v. Abrahamson, supra*.

Padilla alleges that the punishment verdict sheets are defective. Padilla does not allege the manner in which the form are defective. The verdict forms appear to be in proper form as to repeat or non-repeat offender findings. *See* CR 148-51. This conclusory claim presents nothing for review. *Ross v. Estelle, supra*.

Padilla argues that a count and a paragraph were illegally abandoned against applicable procedural and state law. To the extent this claim has not been addressed above, it is conclusory and presents nothing for review. *Ross v. Estelle, supra*. To the extent that Padilla claims a violation of state procedural or statutory law, he does not state a basis for relief in this forum. *See Cook v. Morrill, supra*.

**The prosecutor's comment did not deprive Padilla of a fair trial.**

Padilla argues that the prosecutor impermissibly referenced the Bible during closing remarks, thereby violating Padilla's First Amendment rights. To the extent that Padilla claims a violation of the Texas Constitution, he does not state a basis for relief in this forum. *See Cook v. Morrill, supra*. To the extent that Padilla claims a violation of the Federal Constitution, he has not cited to any clearly established United States Supreme Court precedent applying the First Amendment to a claim of improper prosecutorial argument in a criminal case. Consequently, Padilla has not shown that relief is not barred by the AEDPA standard of review.

16

In any event, on federal habeas corpus review of a state court conviction, the appropriate standard of review for claims of improper prosecutorial action is "the narrow one of due process, and not the broad exercise of supervisory power." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citation omitted). It "is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Id.* Instead, to obtain relief on a claim of improper prosecutorial comment that does not implicate a specific constitutional right, a state prisoner must show that the comments in question "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.*; *see also Styron v. Johnson*, 262 F.3d 438, 454 (5th Cir. 2001) (the test to be applied to determine whether prosecutorial misconduct rises to the level of a constitutional error rendering the petitioner's trial fundamentally unfair is "whether there is a reasonable probability that the verdict might have been different had the trial been properly conducted.").

Here, the prosecutor's reference to the Bible was brief – "There is a verse on the Old Testament of the Bible that says the guilty flee while the righteous stand still." 8 RR 31. This was but one comment, one sentence, in an argument that spanned eighteen pages of the record. There simply is not a reasonable probability that the verdict would have been different absent this remark. The state habeas courts rejection of this claim was not objectively unreasonable.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that the petition be denied and dismissed with prejudice.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

17

GENA BUNN
Assistant Attorney General
Chief, Postconviction Litigation Division

*Attorney in Charge

_____
TOMMY L. SKAGGS*
Assistant Attorney General
State Bar No. 18452650

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing has been served by placing it in the United States mail, postage prepaid, on this the 15th day of May, 2006, addressed to:

Guadalupe Padilla
TDCJ No. 1088118
Dalhart Unit
HCR 4 Box 4000
Dalhart, TX 79022

_____
TOMMY L. SKAGGS
Assistant Attorney General

18