# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 07-50299
USDC No. 1:06-CV-33

FILED
OCT 12 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
   DEPUTY CLERK

GUADALUPE PADILLA

                Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

                Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas

O R D E R:

    Guadalupe Padilla, Texas prisoner # 1088118, has filed a motion for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition challenging his convictions for aggravated sexual assault of a child and indecency with a child.  He argues that he was denied counsel for a period of time; his trial counsel was ineffective; his speedy trial right was violated; and the district court erred in denying his § 2254 petition without conducting an evidentiary hearing.

    To obtain a COA, Padilla must make a substantial

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; see also *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Padilla has not made such a showing.

Padilla asserts for the first time that his counsel was ineffective in that he did not: object to the State's continuances; protect Padilla's release on bail and his rights against illegal re-arrest; and argue that imposing sex offender conditions upon Padilla prior to conviction was a violation of his procedural due process rights. Also for the first time and in conjunction with his speedy trial claim, Padilla asserts that he was prejudiced by the delay and his defense was impaired because the medical records concerning the assault were not made available until the day of trial; witnesses' memories had faded; the emergency room doctor and nurse were no longer available; and the medical exam determined that the victim had a sexually transmitted disease and no DNA matched Padilla  We do not consider issues raised for the first time in a COA motion. *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998). Accordingly, Padilla's COA motion is DENIED. Padilla's "Motion For Stay And Abatement For Certificate Of Appealability" is DENIED.

/s/ Prisicilla R. Owen
PRISCILLA R. OWEN
UNITED STATES CIRCUIT JUDGE

A true copy
Attest:
Clerk, U.S. Court of Appeals, Fifth Circuit
By Rhonda Parker
Deputy
New Orleans, Louisiana